# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                                      **NO. 28,932**

**JOE HELM,**

   Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Joe Helm
Artesia, NM

Pro Se Appellant


## MEMORANDUM OPINION

**CASTILLO, Judge.**

   Defendant appeals from his conviction for failure to wear a seatbelt.  In this

Court's notice of proposed summary disposition, we proposed to affirm Defendant's

conviction and to reverse his fine. Defendant has timely responded with a memorandum in opposition. The State has timely responded with a memorandum in support. As we are not persuaded by Defendant's arguments, we now affirm his conviction, reverse his fine, and remand for the imposition of the correct fine.

Defendant argued in his docketing statement that the district court was without jurisdiction to enter the judgment against him because the failure to wear a seatbelt is not a criminal act. In our notice of proposed summary disposition, we noted that the New Mexico Legislature has clearly designated the failure to wear a seatbelt as a criminal act. NMSA 1978, Section 66-8-116(A) (2007) states, "As used in the Motor Vehicle Code, 'penalty assessment misdemeanor' means violation of any of the following listed sections of the [Motor Vehicle Code.]" That section lists "Unfastened safety belt[, NMSA 1978, Section 66-7-372 (2001)]," as one of those violations that qualifies as a penalty assessment misdemeanor. *Id.* We proposed to hold that these statutes make clear that the Legislature intended to criminalize the failure to wear a seatbelt and that the district court therefore had jurisdiction to enter the judgment convicting Defendant for the violation of Section 66-7-372.

Defendant responds by arguing that the seatbelt statute is unconstitutional because it criminalizes civil negligence, because it lacks a mens rea requirement, because the statute is just a device to give the State a pretext to enter into a person's

vehicle, and because the State has not established that it has a proprietary interest in a person's car. [MIO 1-2] Even assuming that Defendant's characterization of the seatbelt law is correct, Defendant has cited no authority in support of his claim that either the state or federal constitution prohibits the Legislature from criminalizing civil negligence or criminalizing conduct without imposing a specific mens rea requirement other than general intent. Neither does he provide this Court with any authority in support of his arguments that the Legislature cannot enact a statute that would provide an additional reason to stop motorists or that the State must prove a proprietary interest in a person's vehicle in order to conduct a traffic stop of that vehicle. Accordingly, we hold that the district court had jurisdiction to convict Defendant for his violation of the law. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that when a party cites no authority in support of a proposition, an appellate court may assume that there is none); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Although we affirm Defendant's conviction, we reverse his fine. In our proposed summary disposition, we noted that Section 66-8-116(A) establishes a $25 fine for the violation of Section 66-7-372. Section 66-8-116(C) states that "[w]hen

an alleged violator of a penalty assessment misdemeanor elects to accept a notice to appear in lieu of a notice of penalty assessment, a fine imposed upon later conviction shall not exceed the penalty assessment established for the particular penalty assessment misdemeanor." Accordingly, we proposed to conclude that the district court was without authority to fine Defendant $100, rather than $25. Both Defendant and the State agree with this conclusion. However, Defendant argues that because the district court's order was void, the case cannot be remanded for the imposition of the correct fine. [MIO 1] Defendant cites no authority for this proposition, and we disagree that the case cannot be remanded. When a sentence is imposed in excess of statutory authority, the correct remedy is to remand for resentencing. *See State v. Martinez*, 1998-NMSC-023, ¶ 21, 126 N.M. 39, 966 P.2d 747 (remanding a case for resentencing in accordance with statutory requirements).

In Defendant's docketing statement, he argued that the district court lacked authority to impose court costs after Defendant was convicted in this appeal de novo from the magistrate court. [DS 4] However, in our notice, we pointed out that Rule 5-701(D) NMRA provides that "[i]n every case in which there is a conviction, costs and fees may be imposed as provided by law." Accordingly, we proposed to conclude that the district court had the authority to impose court costs in this case. In Defendant's memorandum in opposition, he concedes that the district court had such

authority. [MIO 1]

Therefore, for the reasons stated in this order and in our notice of proposed summary disposition, we affirm Defendant's conviction, reverse his fine, and remand for the imposition of the correct fine.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**RODERICK T. KENNEDY, Judge**